IN THE COURT OF COMMON PLEAS, STARK COUNTY, OHIO

# LOUIS P. GIAVASIS
## STARK COUNTY CLERK OF COURTS

**EXHIBIT A**

JOHN L JUERGENSEN  PLAINTIFF,

VS.  CASE NUMBER: **2018CV01315**

MIDLAND FUNDING LLC DBA  ASSIGNED JUDGE: **TARYN L. HEATH**
MIDLAND FUNDING DE LLC, ET AL

DEFENDANT,

# SUMMONS

July 6, 2018

TO THE FOLLOWING NAMED DEFENDANT:
COMENITY BANK
PO BOX 182273
COLUMBUS, OH 43218

YOU HAVE BEEN NAMED A DEFENDANT IN A COMPLAINT FILED IN STARK COUNTY COURT OF COMMON PLEAS, STARK COUNTY COURT HOUSE, CANTON, OHIO 44702 BY:
JOHN JUERGENSEN -
6545 MARKET AVE N
NORTH CANTON, OH 44721  PLAINTIFF

A COPY OF THE COMPLAINT IS ATTACHED HERETO. THE NAME AND ADDRESS OF THE PLAINTIFF'S ATTORNEY IS:
JOHN JUERGENSEN
1400 SOUTH JOYCE ST #1629
ARLINGTON, VA 22202

YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE UPON THE PLAINTIFF'S ATTORNEY, OR UPON THE PLAINTIFF, IF HE HAS NO ATTORNEY OF RECORD, A COPY OF AN ANSWER TO THE COMPLAINT WITHIN TWENTY-EIGHT DAYS AFTER THE SERVICE OF THIS SUMMONS ON YOU, EXCLUSIVE OF THE DAY OF SERVICE. YOUR ANSWER MUST BE FILED WITH THE COURT WITHIN THREE DAYS AFTER THE SERVICE OF A COPY OF THE ANSWER ON THE PLAINTIFF'S ATTORNEY.

IF YOU FAIL TO APPEAR AND DEFEND, JUDGMENT BY DEFAULT WILL BE RENDERED AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

LOUIS P. GIAVASIS
CLERK OF COURTS
STARK COUNTY, OHIO

*M. Hoffner* (signature)

M. HOFFNER, DEPUTY CLERK

**IN THE COURT OF COMMON PLEAS**
**STARK COUNTY, OHIO**

FILED
JUL 05 2018
LOUIS P. GIAVASIS
STARK COUNTY OHIO
CLERK OF COURTS

| | | |
|---|---|---|
| JOHN L. JUERGENSEN<br>6545 Market Avenue North<br>North Canton, Ohio 44721 | )<br>)<br>)<br>) | CASE NO. **2018CV01315** |
| Plaintiff, | )<br>) | |
| v. | )<br>) | JUDGE: **Heath** |
| MIDLAND FUNDING LLC dba<br>MIDLAND FUNDING DE LLC<br>c/o CORPORATION SERVICE CO.<br>50 West Broad St., Suite 1330<br>Columbus, Ohio 43215 | )<br>)<br>)<br>)<br>)<br>) | **COMPLAINT: OTHER CIVIL:**<br>**VIOLATIONS OF THE FAIR DEBT**<br>**COLLECTION PRACTICES ACT;**<br>**VIOLATIONS OF THE FAIR CREDIT**<br>**REPORTING ACT; VIOLATION OF**<br>**THE OHIO CONSUMER SALES** |
| And | )<br>) | **PRACTICES ACT; CIVIL**<br>**CONSPIRACY; DEFAMATION;** |
| COMENITY BANK<br>P.O. Box 182273<br>Columbus, Ohio 43218 | )<br>)<br>)<br>) | **INVASION OF PRIVACY;**<br>**INTENTIONAL INFLICTION OF**<br>**EMOTIONAL DISTRESS** |
| And | )<br>) | |
| MEIJER GROUP, INC.<br>c/o CT Corporation<br>4400 Easton Commons Way, Suite 125<br>Columbus, Ohio 43219 | )<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

Plaintiff, John L. Juergensen (hereinafter referred to as "Plaintiff"), for its Complaint against Midland Funding LLC dba Midland Funding DE LLC ("Midland"), Comenity Bank ("Comenity"), and Meijer Group, Inc. ("Meijer") (hereinafter collectively referred to as "Defendants"), states as follows:

**GENERAL ALLEGATIONS**

1. Juergensen is an individual with his principal place of business in Stark County, Ohio.

2. Meijer is an Ohio foreign corporation duly licensed in this state to do business. Meijer is principally engaged in the business of owning and operating department stores.

3. Comenity is banking institution licensed to do business in Ohio. For purposes of this Complaint, Comenity provides credit accounts for Meijer's customers.

4. Midland is a foreign limited liability company duly licensed in this state to do business. Midland, upon information and belief, is principally engaged in the business of debt collection.

5. Sometime in 2015, an identified woman obtained Plaintiff's personal identification information and used it to make charges upon Plaintiff's credit. This is what would be generally called "identity theft."

6. Specifically, the woman used Plaintiff's Kohl's credit card and his debit card, and she opened two credit card accounts in his name. One was with Bloomingdale's and one was with, upon information and belief, Meijer.

7. Once Plaintiff learned of all these charges, he took the appropriate steps to correct the errors. Kohl's voided the charges from Plaintiff's account. Huntington Bank refunded the charges from the debit card. And, Bloomingdale's removed the credit card account from Plaintiff's credit report.

8. The woman apparently charged over $706.09 to the Meijer account and, of course, never paid the charges (the "Debt.")

9. Comenity, upon information and belief, serviced the credit card accounts of Meijer. At all times relevant to this Complaint, Comenity was an agent of Meijer and acted on its behalf with actual authority. Comenity held itself out to the public as Meijer's agent to collect the Debt.

2

10. In February 2016, Comenity contacted Plaintiff to collect the Debt. Plaintiff informed Comenity that it was not his account and that he was disputing the Debt.

11. Comenity took no further action to verify the Debt.

12. Instead, Comenity continued to call Plaintiff to collect the Debt. Several months later, after Plaintiff disputed the Debt and Comenity failed to authenticate it, Comenity reported the Debt to the credit bureaus.

13. One day in 2017, Comenity called Plaintiff's place of employment 17 times on a Saturday without leaving a message.

14. Anytime Comenity contacted Plaintiff, Plaintiff informed Comenity that the account was not his.

15. Comenity took no steps to verify the legitimacy of the Debt in question.

16. At some point in 2017, upon information and belief, Comenity sold the Debt to Midland.

17. Midland subsequently contacted Plaintiff in an attempt to collect the Debt.

18. Each time Midland contacted Plaintiff, Plaintiff informed Midland that the account was not his.

19. Midland took no steps to verify the Debt.

20. In December 2017, Plaintiff disputed the Debt through Equifax. Inexplicably, Midland reported that the Debt belonged to Plaintiff.

21. In May 2018, Plaintiff once again disputed the Debt through Equifax. Once again, inexplicably, Midland replied that the Debt belonged to Plaintiff.

3

22. Because the Debt unequivocally does not belong to Plaintiff, it is obvious that Midland took absolutely no steps to verify the authenticity of the Debt from Meijer, Comenity, or Plaintiff.

23. Neither Meijer, Comenity, nor Midland has produced any credit application or any signature of Plaintiff's that could establish the authenticity of the Debt.

24. As a result of the actions of the Defendants, Plaintiff has suffered damages including a decreased credit score, increased interest rates, and the denial of a loan.

25. Plaintiff now has no other recourse but to bring this civil action.

## FIRST CAUSE OF ACTION – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff restates the allegations contained in Paragraphs 1 through 25 as if fully rewritten here.

27. This court has concurrent jurisdiction over this claim pursuant to 15 U.S.C. § 1692k(d).

28. Comenity violated the provisions on the Fair Debt Collection Practices Act ("FDCPA") by failing to properly authenticate the Debt under 15 U.S.C. § 1692g(b) when it was notified that Plaintiff disputed the Debt.

29. Comenity continued to violate the provisions every time it attempted to collect the Debt. For example, the 17 telephone calls constitute 17 separate violations.

30. Meijer is liable for the actions of Comenity as Comenity acted with actual authority to collect the Debt on behalf of Meijer.

31. Midland has violated the provisions of the FDCPA by failing to authenticate the Debt under 15 U.S.C. § 1692g(b) when it was notified that Plaintiff disputed the Debt.

4

32. Midland continued to violate the provisions each and every time it attempted to collect the Debt.

33. Midland also violated the provisions of § 1692e by falsely representing to Plaintiff that the Debt is owed.

34. Defendants' conduct has been knowing, reckless, willful, and wanton.

35. As a direct and proximate result of Defendants' violations, Plaintiff has been damaged in excess of $10,000.00.

## SECOND CAUSE OF ACTION – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

36. Plaintiff restates the allegations contained in Paragraphs 1 through 35 as if fully rewritten here.

37. Comenity violated the provisions on the Fair Credit Reporting Act ("FCRA") by reporting the Debt to the credit bureaus after Plaintiff disputed the Debt and without properly authenticating the Debt. See 15 U.S.C. § 1681s-2.

38. Meijer is liable for the actions of Comenity as Comenity acted with actual authority to collect the debt on behalf of Meijer.

39. Midland has violated the provisions of the FCRA by continuing to report the Debt even after Plaintiff has initiated two disputes. Midland has obviously failed to properly authenticate the Debt.

40. Defendants conduct has been knowing, reckless, willful, and wanton.

41. Plaintiff can bring this claim under 15 U.S.C. § 1681n-o.

42. As a direct and proximate result of Defendants' violations, Plaintiff has been damaged in excess of $10,000.00.

5

## THIRD CAUSE OF ACTION – VIOLATION OF THE CONSUMER SALES PRATICES ACT

43. Plaintiff restates the allegations contained in Paragraphs 1 through 42 as if fully rewritten here.

44. A violation of the FDCPA is a violation of the Ohio Consumers Sales Practices Act. *Taylor v. First Resolution Investment Corp.*, 148 Ohio St.3d 627 (2016).

45. As such, Defendants' violations of the FDCPA constitute violations of the CSPA.

46. Defendants conduct has been knowing, reckless, willful, and wanton.

47. As a direct and proximate result of Defendants' violations, Plaintiff has been damaged in excess of $10,000.00, and Plaintiff is entitled to treble damages and punitive damages.

## FOURTH CAUSE OF ACTION – DEFAMATION

48. Plaintiff restates the allegations contained in Paragraphs 1 through 47 as if fully rewritten here.

49. The reporting of the unauthenticated Debt to the credit bureaus constitutes a false and misleading statement by Comenity.

50. The failure of Midland to correct the unauthenticated Debt to the credit bureaus after the disputes were issued constitutes a false and misleading statement by Midland.

51. Every day that the account appears on Plaintiff's credit report is in and of itself a false and misleading statement.

52. Neither Comenity nor Midland were privileged to make the communication because the account does not belong to Plaintiff.

53. Meijer is liable for the torts of its agent Comenity.

6

54. Defendants' conduct has been knowing, reckless, willful, and wanton.

55. As a direct and proximate result of Defendants' defamation, Plaintiff has suffered actual damages in excess of $10,000.00.

## FIFTH CAUSE OF ACTION – INVASION OF PRIVACY

56. Plaintiff restates the allegations contained in Paragraphs 1 through 55 as if fully rewritten here.

57. The reporting of the unauthenticated Debt by Comenity to the credit bureaus placed Plaintiff in a false light.

58. The failure of Midland to remove the unauthenticated Debt from Plaintiff's credit report after the disputes were issued placed Plaintiff in a false light.

59. Every day that the account appears on Plaintiff's credit report is in and of itself an act of placing Plaintiff in a false light.

60. Neither Comenity nor Midland were privileged to make the communication because the account does not belong to Plaintiff.

61. Reporting that an account which does not belong to a person to a credit bureau is highly offensive to a reasonable person because it portrays the individual as financially irresponsible. Furthermore, Plaintiff has had to explain to other potential creditors why this collection account is on his credit report.

62. Meijer is liable for the torts of its agent Comenity.

63. Defendants' conduct was done with actual knowledge or with reckless disregard as to the authenticity of the account.

7

64. As a direct and proximate result of Defendants' invasion of privacy, Plaintiff has suffered actual damages in excess of $10,000.00.

## SIXTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

65. Plaintiff restates the allegations contained in Paragraphs 1 through 64 as if fully rewritten here.

66. Defendants intended to report the unauthenticated Debt to the credit bureaus.

67. The failure of Defendants to authenticate the Debt is extreme and outrageous.

68. Defendants have no documentation to establish that the Debt belongs to Plaintiff. Plaintiff has insisted for over two years that it is not his Debt, and Plaintiff has offered a reasonable explanation as to why

69. Plaintiff has given Defendants other examples of accounts that were compromised.

70. Defendants have made absolutely no attempt whatsoever to verify the Debt despite Plaintiff's numerous and vociferous protestations.

71. The other creditors solved the issue immediately and with no hassle.

72. Defendants' conduct has been unprofessional, intolerable, and just plain lazy. This matter has dragged on for over two years and Defendants seem uninterested in resolving it.

73. As a direct and proximate result of Defendants' actions, Plaintiff has suffered humiliation and embarrassment for which Plaintiff should be compensated.

## SEVENTH CAUSE OF ACTION – CIVIL CONSPIRACY

74. Plaintiff restates the allegations contained in Paragraphs 1 through 73 as if fully rewritten here.

8

75. Defendants violations of the FDCPA, FCRA, CSPA as well as their defamation, invasion of privacy, and intentional infliction of emotional distress all constitute an unlawful act independent from their conspiracy.

76. Defendants maliciously combined and conspired to commit the unlawful acts described in the preceding paragraph.

77. As a direct and proximate result of their conspiracy, Plaintiff has suffered damages in excess of $10,000.00

WHEREFORE, John L. Juergensen demands judgment against Defendants, Midland Funding, LLC dba Midland Funding DE LLC, Comenity Bank, and Meijer Group Inc. as follows:

a) Compensatory damages in excess of $10,000.00;
b) Additional treble damages in excess of $30,000.00
c) Additional punitive damages in the amount of $100,000.00
d) An order directing Defendants to remove the account in question from Plaintiff's credit report;
e) Attorney fees and court costs;
f) For other relief that the Court deems appropriate.

Respectfully submitted,

JOHN L. JUERGENSEN CO., LPA

*[signature]*

John L. Juergensen (#0071071)
6545 Market Avenue North
North Canton, Ohio 44721
Telephone: (330) 904-5647
Telefax: (330) 234-9905
E-mail: jlj@juergensenlaw.com
Counsel for Plaintiff

## INSTRUCTIONS FOR SERVICE

TO THE CLERK:

Please serve the Defendants with Summons and Complaint by certified mail, return receipt requested, at the address listed in the caption of this Complaint.

*[signature]*

Attorney for Plaintiff

10

**LOUIS P. GIAVASIS**
Stark County Clerk of Courts
LEGAL DIVISION
P.O. Box 21160
Canton, Ohio 44701-1160

91 7199 9991 7038 4881 7693

CERTIFIED MAIL

COMENITY BANK
PO BOX 182273
COLUMBUS, OH 43218

JUL 12 2018

2018CV01315 TH

43218 2018CV0131500I