UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN L. JUERGENSEN, | ) | CASE NO. 5:18CV1825 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER OF REMAND |
| MIDLAND FUNDING, LLC, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the motion of plaintiff John L. Juergensen ("Juergensen") to remand this case to the Stark County Court of Common Pleas. (Doc. No. 5 ["Mot."].) The defendants have failed to file a response to the motion, and the time for responding has passed. For the reasons discussed below, the unopposed motion to remand is granted.

I. **BACKGROUND**

On July 5, 2018, Juergensen brought suit in state court against defendants, raising the following federal claims: (First Cause of Action) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g(b), (Second Cause of Action) violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2. (Doc. No. 1-1 (Complaint ["Compl."]).) Juergensen also raised state law claims under the Ohio Consumers Sales Practices Act (Third Cause of Action), as well as common law claims of defamation (Fourth Cause of Action), invasion of privacy (Fifth Cause of Action), intentional infliction of emotional distress (Sixth Cause of Action), and civil conspiracy (Seventh Cause of Action). Juergensen seeks

compensatory, treble, and punitive damages, as well as attorney's fees and costs. (*Id*., prayer, ¶ 77 (a)-(f).)

The events giving rise to these claims began in 2015 when, according to the complaint, Juergensen became the victim of identity theft. Specifically, the complaint alleges that an unidentified woman obtained Juergensen's personal identification information and used it to make unauthorized charges against his credit. (Compl. ¶¶ 5-6.) Even though Juergensen took appropriate steps in response to the woman's fraud, he alleges that defendants violated his rights under federal and state law by refusing to rectify his accounts and restore his credit. (*Id*. ¶¶ 7-24.)

On August 8, 2018, defendants removed the action to federal court, maintaining that the Court has been vested with federal question jurisdiction by virtue of Juergensen's claims under the FDCPA and the FCRA. (Doc. No. 1 (Notice of Removal) ¶ 8.) Thereafter, Juergensen gave notice, pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, that he was dismissing the first and second causes of action without prejudice. (Doc. No. 4 (Notice of Partial Dismissal without Prejudice).) The present motion for remand followed.

**II. DISCUSSION**

Since Juergensen dismissed his federal claims from the action, only state law claims remain. The Court may, in its discretion, either retain jurisdiction over those claims and proceed on the merits, *Carlsbad Tech., Inc. v. HIF Bio, Inc*., 556 U.S. 635, 639-40, 129 S. Ct. 1862, 173 L. Ed. 2d 843 (2009), or decline jurisdiction and remand the complaint to the state court. *See* 28 U.S.C. § 1367(c)(3). When determining whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity[.]" *Carnegie-Mellon Univ. v. Cohill*, 484

U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988).

"Comity to state courts is considered a substantial interest; therefore, [the Court] applies a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed—retaining residual jurisdiction 'only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh [any] concern over needlessly deciding state law issues.'" *Packard v. Farmers Inc. Co. of Columbus Inc.*, 423 F. App'x 580, 584 (6th Cir. 2011) (quoting *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006)). "[G]enerally '[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed.'" *Id.* at 585 (quoting *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996)).

Here, this matter is in an early pretrial procedural posture. The Court has yet to set any dates and deadlines, and the parties have engaged in no discovery. Additionally, the Court has not had the opportunity to rule on the substance of any of the state law claims. Under these circumstances, judicial economy and the avoidance of multiplicity of litigation do not counsel in favor of retaining this case. Accordingly, the balance of considerations points toward returning the state law claims raised in the complaint to state court. *See Moon*, 465 F.3d at 728 (where federal claims have been dismissed before trial, a federal court ordinarily should not reach the plaintiffs' state law claims); *Thurman v. DaimlerChrysler, Inc.*, 397 F.3d 352, 359 (6th Cir. 2004) (similar).

## III. CONCLUSION

For all of the foregoing reasons, Juergensen's motion to remand (Doc. No. 5) is granted, and this matter is remanded to the Stark County Court of Common Pleas.

**IT IS SO ORDERED**.

Dated: November 13, 2018

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**